UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID PUTMAN, | |
| Petitioner, | Case No. C25-1285-JHC-MLP |
| v. | |
| KARIN ARNOLD, | ORDER DENYING PETITIONER'S MOTION TO SUPPLEMENT |
| Respondent. | |

This is a federal habeas action proceeding under 28 U.S.C. § 2254. On November 19, 2025, this Court issued an Order staying this action pending completion of Petitioner's state court collateral proceedings. (Dkt. # 16.) The Order was issued pursuant to a request contained in Petitioner's amended petition for writ of habeas corpus seeking to stay his petition while he awaited a ruling from the state courts with respect to his first ground for relief.[1] (*See* dkt. # 10 at 5, 8.) On November 26, 2025, Petitioner filed a motion seeking to supplement his petition with additional argument in support of his second ground for relief, and he also indicates therein that his state court proceedings have now concluded, and the stay may be lifted. (Dkt. # 17.) That

---

[1] Respondent was given an opportunity to respond to Petitioner's request to stay and Respondent indicated she did not oppose a stay for the purpose of allowing Petitioner the opportunity to exhaust his state court remedies. (*See* dkt. ## 11, 15.)

ORDER DENYING PETITIONER'S
MOTION TO SUPPLEMENT - 1

1  motion is now before the Court for consideration. Respondent has filed no response to
2  Petitioner's motion to supplement.
3      The Court first observes that Petitioner's motion to supplement appears unrelated to his
4  request to lift the stay in that Petitioner seeks to supplement his second ground for relief while
5  his request to stay this action was based on his need to exhaust his state court remedies with
6  respect to his first ground for relief. (*See* dkt. # 10 at 5, 8, 16; dkt. # 17 at 2-7.) The Court further
7  observes that Petitioner's motion contains numerous pages that are difficult to read because the
8  typewriting is too faint. (*See* dkt. # 17.) The quality of the typewriting begins to diminish on page
9  three of the motion, with pages six and seven being essentially unreadable. (*See id.* at 3-7.) While
10 this is a deficiency that could likely be corrected, there are other deficiencies in Petitioner's
11 motion which preclude the Court from granting his request to supplement his petition.
12     In particular, the arguments presented in Petitioner's motion to supplement appear to
13 reframe his second ground for relief rather than supplement it. Petitioner's second ground for
14 relief pertains to the admissibility at trial of a sexual deviancy report. (*See* dkt. # 10-1 at 9-13;
15 dkt. # 17 at 2-7.) In his amended petition, Petitioner's arguments appear to focus on allegations
16 of attorney error in relation to the report, though he does not clearly identify the legal basis of the
17 claim. (*See* dkt. # 10-1 at 9-13.) In his motion to supplement, in contrast, Petitioner's arguments
18 appear to focus on allegations of error by the trial court in relation to its ruling on the
19 admissibility of the report. (*See* dkt. # 17 at 2-7.)
20     The Court cannot discern from Petitioner's submissions the precise legal and factual
21 bases of his second ground for relief and he must therefore provide clarification before this
22 action proceeds. And, because piecemeal briefing merely muddles the record, the Court will
23 require that Petitioner provide the necessary clarification by submitting a second amended

petition which contains a clarified second ground for relief and all arguments being offered in support of the claim.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Petitioner's request to lift the stay (dkt. # 17 at 1) is GRANTED. The Clerk is directed to lift the stay and reopen this action.

(2) Petitioner's motion to supplement his petition (dkt. # 17) is DENIED. Petitioner, however, is GRANTED leave to file a second amended petition which clarifies his second ground for relief. Petitioner is advised that any second amended petition must set forth each and every claim he intends to present in this federal habeas action and must clearly identify the legal and factual basis of each claim. Any second amended petition must be filed not later than ***thirty (30) days*** from the date on which this Order is issued. Once the deadline for filing a second amended petition has passed, the Court will review the record and, if appropriate, call for an answer from Respondent to the operable petition.

(3) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable John H. Chun.

DATED this 29th day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge